## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID LAIL,<br>Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>BECHTEL CORPORATION,<br><br>            Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—David Lail ("Plaintiff" or "Lail")—brings this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiff and the Putative Collective Members"), who worked for Defendant—Bechtel Corporation ("Bechtel")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Bechtel, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime wages.

3. Although Plaintiff and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), Bechtel knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

5. Specifically, Bechtel's regular practice—including during weeks when Plaintiff and the Putative Collective Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective Members' wages for a meal break they did not receive.

6. In addition, Bechtel paid non-discretionary bonuses to Plaintiff and the Putative Collective Members but failed to include these bonuses in Plaintiff and the Putative Collective Members' regular rate of pay, for purposes of calculating their correct rate of overtime compensation.

7. The effect of Bechtel's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid; thus, Bechtel has failed to compensate Plaintiff and the Putative Collective Members the proper amount of overtime under the FLSA.

8. Bechtel knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

9. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12. Plaintiff Lail was employed by Bechtel in Texas during the relevant time period(s). Plaintiff Lail did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly employees who were employed by Bechtel, anywhere in the United States, at any time from July 7, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

14. Defendant Bechtel is a foreign for-profit company, licensed to and doing business in the State of Virginia and may be served through its registered agent for service of process: **United Agent Group, Inc., 425 W. Washington St. Ste 4, Suffolk, Virginia 23434-5320**.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

16. Plaintiff has not entered into an arbitration agreement that would affect the Court's

---

[1] The written consent of David Lail is attached hereto as Exhibit "A."

subject-matter jurisdiction.

17.     This Court has general personal jurisdiction over Bechtel because Virginia qualifies as its home state.

18.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Additionally, Bechtel's corporate headquarters are in Reston, Virginia, which is located within this District.

## IV.
## BACKGROUND FACTS

20.     Defendant Bechtel is an industrial construction company operating throughout the United States.[2]

21.     To provide its services, Bechtel employed (and continues to employ) thousands of hourly, non-exempt employees—including Plaintiff and the individuals that make up the putative collective and class.

22.     Plaintiff and the Putative Collective Members were employed by Bechtel as non-exempt employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

23.     Plaintiff and the Putative Collective Members' job duties include constructing, erecting, installing, fabricating, dismantling, and repairing industrial structures or industrial machines for Bechtel and its customers throughout the United States.

24.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

---

[2] https://www.bechtel.com/.

25. Importantly, none of the FLSA exemptions relieving a covered employer (such as Bechtel) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

26. Plaintiff Lail was employed by Bechtel as an hourly employee in Texas from approximately April 2024 until December 2024.

27. Plaintiff and the Putative Collective Members typically worked five (5) days a week, and often ten (10) or more hours per day—these are referred to as "on-the-clock" hours.

28. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective Members regularly worked approximately two and a half (2.5) hours "off-the-clock" per week and have not been compensated for that time.

29. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Bechtel resulting in the complained of FLSA violations.

30. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties – that is they are (or were) responsible for constructing, erecting, installing, fabricating, dismantling, and repairing industrial structures or industrial machines.

31. Plaintiff and the Putative Collective Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis, are subject to an automatic meal break deduction, and have non-discretionary bonuses that were not included in their regular rate.

32. Plaintiff and the Putative Collective Members are therefore similarly situated with respect to the policies (and practices) of Bechtel resulting in the complained of FLSA violations.

## Unpaid Meal Breaks

33. Bechtel has a policy and practice of automatically deducting one 30-minute meal period from Plaintiff and the Putative Collective Members' daily time regardless of whether they perform compensable work during such "breaks" each shift.

34. Despite automatically deducting thirty (30) minutes from Plaintiff and the Putative Collective Members' time each shift, Plaintiff and the Putative Collective Members did not take a full thirty (30) minute meal break.

35. Bechtel was (and continues to be) aware that Plaintiff and the Putative Collective Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

36. Bechtel benefitted from Plaintiff and the Putative Collective Members' free labor, as Plaintiff and the Putative Collective Members typically worked throughout their entire respective shifts without taking a break.

37. Bechtel also knew Plaintiff and the Putative Collective Members did not take their meal breaks because Plaintiff and the Putative Collective Members worked alongside their managers who knew Plaintiff and the Putative Collective Members worked throughout their respective shifts without stopping.

38. The thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

**Bechtel Failed to Include Non-Discretionary Bonuses in the Regular Rate**

39. Bechtel paid out non-discretionary bonuses—Retention Bonuses—based on continued employment each quarter but failed to include these bonuses in the Plaintiff and Putative Collective Members' regular rates of pay.

40. The non-discretionary bonuses paid to Plaintiff and the Putative Collective Members were meant to encourage and motivate them to continue working for Bechtel.

41. The non-discretionary bonuses were based upon a pre-determined formula established by Bechtel.

42. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

43. When Plaintiff and the Putative Collective Members met the criteria, they were entitled to receive these non-discretionary bonuses.

44. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective Member's regular rates of pay before any and all overtime multipliers were applied.

45. Bechtel's failure to compensate Plaintiff and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

46. Bechtel knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

47. Bechtel knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

48. Because Bechtel did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Bechtel's pay policies and practices willfully violated (and continue to violate) the FLSA.

49. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

50. The preceding paragraphs are incorporated as though fully set forth herein.

51. The FLSA Collective is defined as follows:

**ALL HOURLY EMPLOYEES WHO WERE EMPLOYED BY BECHTEL CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 7, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

52. At all material times, Bechtel has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

53. At all material times, Bechtel has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

54. At all material times, Bechtel has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of construction and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise

has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. Specifically, Bechtel employs thousands of hourly employees to provide services in the industrial construction and maintenance industry across the United States, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

56. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Bechtel, these individuals provided services for Bechtel that involved interstate commerce for purposes of the FLSA.

57. In performing work for Bechtel, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

58. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Bechtel and its customers and employees throughout the United States. 29 U.S.C. § 203(j).

59. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

60. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Bechtel.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62. Bechtel violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

63. Moreover, Bechtel knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

64. Bechtel knew or should have known that its pay practices were (and continue to be) in violation of the FLSA.

65. Bechtel is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were (and continue to be) in violation of the FLSA.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Bechtel to pay them according to the law.

67. The decision and practice by Bechtel to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

68. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, and attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Bechtel's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

71. Other similarly situated employees of Bechtel have been victimized by Bechtel's patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective is defined in Paragraph 51.

73. Bechtel's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Bechtel, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

74. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Bechtel will retain the proceeds of their rampant and ongoing violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

80. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 51.

## VI.
## RELIEF SOUGHT

81. Plaintiff Lail respectfully prays for judgment against Bechtel as follows:

   a. For an Order certifying the FLSA Collective as defined in ¶ 51;

   b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to § 16(b) of the FLSA finding Bechtel liable for unpaid wages, including unpaid overtime wages, due to Plaintiff Lail (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Lail (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

   g. For an Order awarding Plaintiff Lail a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Bechtel, at Bechtel's expense (should discovery prove inadequate); and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

Date:  July 7, 2025                          Respectfully submitted,

                                                  By:   /s/ *Zev H. Antell*
                          Harris D. Butler, III (VSB No. 26483)
                          Craig J. Curwood (VSB No. 43975)
                          Zev H. Antell (VSB No. 74634)
                          Paul M. Falabella (VSB No. 81199)
                          **BUTLER CURWOOD, PLC**
                          140 Virginia Street, Suite 302
                          Richmond, Virginia 23219
                          Telephone: (804) 648-4848
                          Facsimile: (804) 237-0413
                          Email:  harris@butlercurwood.com
                                        craig@butlercurwood.com
                                        zev@butlercurwood.com
                                        paul@butlercurwood.com


                                                  By:   /s/ *Clif Alexander*
                          **Clif Alexander** (application *pro hac vice* forthcoming*)*
                          Texas Bar No. 24064805
                          clif@a2xlaw.com
                          **Austin W. Anderson** (application *pro hac vice* forthcoming)
                          Texas Bar No. 24045189
                          austin@a2xlaw.com
                          **Carter T. Hastings** (application *pro hac vice* forthcoming)
                          Texas Bar No. 24101879
                          carter@a2xlaw.com
                          **ANDERSON ALEXANDER, PLLC**
                          101 N. Shoreline Blvd, Suite 610
                          Corpus Christi, Texas 78401
                          Telephone: (361) 452-1279
                          Facsimile: (361) 452-1284


                          ***Attorneys in Charge for Representative Plaintiff and Putative Collective/Class Members***